ROSS v. DUNN.

PRINCIPAL AND AGENT—HUSBAND AND WIFE—CONTRACTS.

A person employed as a subcontractor upon defendant's house cannot recover for extra work performed at the request of defendant's wife, without showing that she was authorized by her husband to make the change.

Error to Houghton; Streeter, J. Submitted November 15, 1901. (Docket No. 130.) Decided May 8, 1902.

*Assumpsit* by Alexander Ross against James Dunn for work and labor. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*P. H. O'Brien*, for appellant.

*W. J. Macdonald*, for appellee.

LONG, J. This case was commenced in justice's court. The bill of particulars shows the claim was for painting certain floors in the kitchens of defendant's house. The case was appealed to the circuit court, and there tried before a jury; the court directing a verdict in favor of defendant. The plaintiff brings error. His claim is that the court was in error in taking the case from the jury.

The facts appear to be that the plaintiff had a contract from one Youngberg to do the work under him, as a subcontractor, in painting the house inside and out for defendant. His claim is that this painting of the floors of the kitchens was extra work and material. It appears from the record that the contract, if it was ever made, was with the wife of defendant, who came to plaintiff and requested that the kitchen floors be painted three coats. The original contract was for one coat of oil on the floors. The court was of the opinion, and so directed the jury, that there was no evidence in the record of any contract with

defendant himself to do this extra work, and no authority shown by which his wife was authorized to bind him under the arrangement which the plaintiff claims the wife made with him. Upon an examination of the record, we are satisfied that the court was not in error in directing a verdict for defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.